UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LLOYD M. B., IV,

                              **Plaintiff,**

  vs.                                               5:22-cv-580
                                                              (MAD/DEP)
COMMISSIONER OF SOCIAL SECURITY,

                              **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**OLINSKY LAW GROUP**                    **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street – Suite 210      **APRIL ADAMS CARR, ESQ.**
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **SHANNON FISHEL, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff Lloyd B. ("Plaintiff") commenced this action on June 2, 2022, pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security denying benefits. *See* Dkt. No. 1. In a Report and Recommendation dated July 25, 2023, Magistrate Judge David E. Peebles recommended that the Commissioner's decision be affirmed, and that Plaintiff's complaint be dismissed. *See* Dkt. No. 20.

### II. BACKGROUND

Plaintiff was born on January 10, 1973, *see* Dkt. No. 8-2 at 9, and alleged a disability onset date of January 17, 2018. *See* Dkt. No. 9 at 3. On February 3, 2020, Plaintiff filed for Disability Insurance Benefits. *See id.* at 3. Plaintiff's claim was denied by the agency and again denied upon reconsideration. *See* Dkt. No. 8-2 at 26; Dkt. No. 9 at 3-4. Following a hearing on April 8, 2021, on June 3, 2021, Administrative Law Judge ("ALJ") Jennifer Gale Smith issued an unfavorable decision. *See* Dkt. No. 8-2 at 23; Dkt. No. 9 at 3. Plaintiff appealed, and on March 30, 2022, the Appeals Council denied review. *See* Dkt. No. 1 at 4.

In her decision, ALJ Smith first found that Plaintiff had not engaged in substantial gainful activity in the relevant period. *See* Dkt. No. 8-2 at 28. Second, ALJ Smith found that Plaintiff suffers from the following severe impairments: status-post surgical repair of ruptured right biceps tendon, status post ruptured left biceps tendon, decreased sensation in the right lateral antebrachial nerve distribution, cervicalgia, migraine headaches, left hand tremor, bilateral calcaneal spurs, plantar fasciitis, history of syncope, and obesity, and that several other impairments were not severe. *See id.* at 29-32. Third, ALJ Smith found that Plaintiff's conditions do not meet or medically equal those conditions set forth in regulations and rulings. *See id.* at 32-33. ALJ Smith also found that Plaintiff retains a residual functional capacity ("RFC") to perform light exertional work. *See id.* at 33-48. Fourth, ALJ Smith found that Plaintiff is unable to perform his past relevant work. *See id.* at 48-49. Finally, ALJ Smith found that Plaintiff remains able to perform available work in the national economy. *See id.* at 49-50. Accordingly, the ALJ found that Plaintiff is not disabled as defined in the Social Security Act. *See id.*

Plaintiff argued in his initial brief that ALJ Smith inappropriately evaluated and improperly explained her consideration of his treating source Physician Assistant ("PA") Emily Crandell's opinion and inconsistencies in the record. *See* Dkt. No. 9 at 10. Defendant opposed

Plaintiff's motion, arguing that ALJ Smith's evaluation of medical opinions and ultimate decision were supported by substantial evidence. *See* Dkt. No. 11 at 8. On July 25, 2023, Magistrate Judge Peebles issued the Report and Recommendation. *See* Dkt. No. 20 at 25. Presently before the Court are Plaintiff's objection to the Report and Recommendation, which raises two related issues, *see* Dkt. No. 21, and Defendant's response to the objection. *See* Dkt. No. 22. For the reasons set forth below, Magistrate Judge Peebles' Report and Recommendation is adopted in its entirety, and the Commissioner's decision denying Plaintiff benefits is affirmed.

## III. DISCUSSION

### A.   Standard of Review

When a party files specific objections to a magistrate judge's Report and Recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A person is disabled when he is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). There is a five-step analysis for evaluating disability claims:

3

> "In essence, if the Commissioner determines (1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do."

*Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (quoting *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002)).  "The claimant bears the burden of proof on the first four steps, while the Social Security Administration bears the burden on the last step."  *Id.* (citation omitted).

In reviewing a final decision by the Commissioner under Title 42, United States Code Section 405, the Court does not determine *de novo* whether a plaintiff is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence.  *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)) (other citations omitted).  In other words, the Court must afford the Commissioner's determination considerable deference and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo

4

review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984) (citation omitted).

**B.    Application**

Plaintiff argues that Magistrate Judge Peebles' refusal to reconsider evidence Plaintiff briefed because it called for a "reweighing of the evidence" was inappropriate. Dkt. No. 21 at 5 (quoting Dkt. No. 20 at 18). Plaintiff adds that Magistrate Judge Peebles made "post hoc rationalizations when the ALJ ignored evidence supporting the claims of disability." *Id.*

Plaintiff argues ultimately "that the ALJ violated agency rulings and regulations by failing to properly consider the opinion of treating provider, PA Crandell and by failing to adequately explain his analysis for rejecting PA Crandell's restrictions. Specifically, Plaintiff asserts that the ALJ failed to properly address the factor of consistency." *Id.* at 1. Plaintiff's objection continued:

> The ALJ assessed both opinions of PA Crandall as "not persuasive" based on a finding that they were "inconsistent with the complete record of medical evidence and observations by other medical providers during their examinations of the claimant." T 46. In support of this assessment, the ALJ cited two cherry picked records from the administrative transcript totaling over nine hundred pages and both of these records focused on a single limitation—cane use. T 46-47. Such an analysis is legally insufficient. Pursuant to 20 C.F.R. § 404.1520c(b)(2), "[a]n ALJ is specifically required to 'explain how [he or she] considered the supportability and consistency factors' for a medical opinion." Here, regarding the factor of consistency, the U.S. Magistrate Judge offers his own reasons (as well as reasons tendered in the Defendant's brief) to demonstrate that a rationale existed which could have underpinned a proper consistency analysis, had the ALJ offered one in the Decision itself. Dkt. No. 20 at 20-21.

*Id.* at 2-3. While this argument is largely rehashing the previous argument made before the Court regarding substantial evidence, the Court finds that even if reviewed *de novo*, the role of the Court in reviewing the ALJ's decision is not to reweigh evidence and substitute "its own judgment for

that of the [Commissioner,]" *Valente*, 733 F.2d at 1041, and the ALJ's decision was supported by substantial evidence.  *See Rosado*, 685 F.2d at 62.

  The ALJ discussed PA Crandell thoroughly and at multiple times throughout the decision:

> Primary care Physician's Assistant Emily Crandall, PA provided the claimant with a physical medical source statement form and a mental medical source statement form.  In her physical medical source statement, PA Crandall stated the claimant can sit for fifteen minutes at one time before needing to get up.  He can stand for five minutes before needing to sit down.  During an eight-hour day, the claimant can sit and stand/walk a total of less than two hours each.  He would not need a job that permitted shifting positions at will from sitting, standing or walking.  He requires the use of a cane or other assistive device.  PA Crandall said the claimant can rarely lift and carry less than ten pounds.  He can rarely twist, stoop/bend, and never crouch/squat, climb ladders or stairs.  She noted the claimant can rarely look down, turn head right or left, look up or hold head in a static position.  He can rarely grasp, turn, twist objects with his hand, use fingers for fine manipulation or use his arms for reaching, including overhead reaching.  PA Crandall estimated the claimant would need to take unscheduled breaks every thirty minutes for a period of thirty minutes before resuming work activity.  She estimated he would likely be off-task more than twenty percent of an eight-hour workday and be absent more than four days per month (Exhibit 13F, page 3).
>
> In the mental medical source statement form, PA Crandall provided checkbox answers indicating that the claimant is seriously precluded, but not limited from remembering work-like procedures; maintain attention and concentration for two hour segment; maintain regular attendance and be punctual within customary and usual strict tolerances; sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being unduly distracted; complete a normal workday and workweek without interruptions from psychologically based symptoms; perform at a consistent pace without an unreasonable number and length of rest periods; accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without unduly distracting them or exhibiting behavior extremes; respond appropriately to changes in a routine work setting; be aware of normal hazards and take appropriate precautions; adhere to basic standards of neatness and cleanliness, travel in unfamiliar place and use public transportation.  PA

> Crandall opined that the claimant is unable to meet competitive standards with regard to dealing with normal work stress, interacting appropriately with the general public and maintaining socially appropriate behavior (Exhibit 12F, page 4).  She indicated he has repeated episodes of deterioration or decompensation in work or work-like settings which cause him to withdraw from the situation and experience exacerbation of signs and symptoms. And he has deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner (Exhibit 12F, page 5). She also indicated that he would be off-task more than twenty percent of an eight-hour workday and be absent more than four days per month (Exhibit 12F, page 5).
>
> The opinions of PA Crandall are not persuasive because they are inconsistent with her own treatment notes and medical examinations of the claimant.  Her opinions are also inconsistent with the complete record of medical evidence and observations by other medical providers during their examinations of the claimant. She said the claimant needs a cane to ambulate, however, the claimant's podiatrist, who diagnosed him with plantar fasciitis and tendonitis of the Achilles even said that he does not need to use a cane (Exhibit 11F, page 3).  Dr. Lorensen in her consultative report indicated the claimant did not use an ambulatory device or cane and his gait and stance were normal (Exhibit 6F, page 3)
>
> …
>
> The description of the claimant's mental status exam for this office visit [PA Crandell] is similar or even more thorough in detail than PA Crandall has reported for prior office visits.  She may be an acceptable medical source, but she is a Physician's Assistant in a family medical practice and she does not have a specialty in psychiatric treatment for this medical office.  It is unknown whether she has specialized training in psychiatric or behavioral health treatment, but her opinions are inconsistent with her objective clinical findings and more likely her opinions are based upon the narrative of what the claimant has told her his is able to (physically and mentally).

Dkt. No. 8-2 at 48-49.  The ALJ also explained the level of persuasion and reasoning behind such analysis of other medical providers.  *See id.* at 42-48.

In the Report and Recommendation, Magistrate Judge Peebles stated:

> Plaintiff essentially argues that the ALJ failed to point to substantial evidence to support her finding that these opinions are not persuasive because she relied on one or two specific pieces of evidence, while ignoring other evidence. However, the fact that the ALJ did not cite or discuss every piece of evidence supporting her conclusion within the section where she discussed PA Crandell's opinions does not serve as proof that she failed to consider the other evidence in the record. Indeed, prior to addressing the opinion evidence in her decision, the ALJ recounted in some detail both plaintiff's subjective reports and the medical evidence related to his various physical and mental impairments. AT 32-41. On the whole, that discussion of the evidence reveals objective and other findings that generally support the ALJ's conclusions regarding the persuasive nature of PA Crandell's opinions, as they appear to consist of an accurate representation of the type of symptoms and treatment that plaintiff received throughout the relevant period, and I do not discern any indication that the ALJ failed to appropriately consider evidence showing significantly greater limitations. Plaintiff points to some specific pieces of evidence in his brief that he believes are contrary to the ALJ's finding, yet those arguments amount to little more than a request to reweigh the evidence in a manner more favorable to plaintiff. Reweighing the evidence, however, is not the function of this court and, absent any indication that the ALJ truly ignored relevant evidence or interpreted the evidence in a manner so unreasonable.

Dkt. No. 20 at 18 (citations omitted).

The Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado*, 805 F. Supp. at 153 (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)) (other citations omitted). Further, the ALJ is not required to expressly reconcile every piece of medical evidence where the record in its entirety substantially supported his determination. *See Petrie v. Astrue*, 412 Fed. Appx. 401, 406 (2d Cir. 2011) ("[W]here 'the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of

disability'") (quotation omitted); *Hudson v. Colvin*, No. 5:12-CV-0044, 2013 WL 1500199, *10 n.25 (N.D.N.Y. Mar. 21, 2013) ("While [the ALJ] could have discussed the factors listed in the regulations in more detail, this does not amount to reversible error because the rationale for his decision is clear and his ultimate determination is supported by substantial evidence"), *report and recommendation adopted*, 2013 WL 1499956 (N.D.N.Y. Apr. 10, 2013).

The Court finds that the ALJ adequately explained the factors of consistency and supportability of the medical opinions, including those of PA Crandell.  The ALJ considered and explained in detail the aspects of PA Crandell's opinions that were inconsistent with other medical records, *see* Dkt. No. 8-2 at 48-49, and why PA Crandell's opinions should be given less weight than other medical providers.  *See id.* at 42-48.  Further, as Defendant points out, and Magistrate Judge Peebles rightfully stated, "'the fact that the ALJ did not cite or discuss every piece of evidence supporting her conclusion within the section where she discussed PA Crandell's opinions does not serve as proof that she failed to consider the other evidence in the record.'" Dkt. No. 22 at 2 (quoting Dkt. No. 20 at 17).  While Plaintiff might disagree with the ALJ's assessment, the assessment is supported by substantial evidence, and it is not this Court's role to reweigh the evidence.  *See Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).

The Court finds that Magistrate Judge Peebles properly reviewed the ALJ's determinations for substantial evidence.  Magistrate Judge Peebles addressed the ALJ's application and analysis of the required five-step analysis.  *See* Dkt. No. 20 at 5-7.  Magistrate Judge Peebles then explained the scope of review to be conducted, *see id.* at 7-9, and analyzed the ALJ's findings that treating source PA Crandell's opinions were not persuasive.  *See id.* at 9-24.  As discussed, the ALJ addressed why some of the evidence or opinions Plaintiff posits would be consistent with disability are not as persuasive or persuasive at all in comparison to other medical opinions.  The

9

Court finds that Magistrate Judge Peebles did not impose his own post-hoc rationalizations, and rather properly determined that the ALJ's decision was supported by substantial evidence and that the ALJ properly assessed the medical opinions. Accordingly, Plaintiff's objection is overruled, and the ALJ's decision is affirmed.[1]

## IV. CONCLUSION

After carefully reviewing the Report and Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report and Recommendation and Order (Dkt. No. 20) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in the Commissioner's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 1, 2023
Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] Plaintiff argues that the ALJ's alleged failure to adequately address the factors of consistency and supportability is a procedural error. *See* Dkt. No. 21 at 6. As the Court has rejected Plaintiff's arguments and finds the ALJ properly addressed such evidence and factors, there is no procedural error.